**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**REUEL BUTLER**                                                                         **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.** 3:20-cv-260-CWR-LRA

**COMCAST CABLE COMMUNICATIONS, LLC
AND JOHN DOES 1-10**                                                   **DEFENDANTS**

**COMPLAINT**

**(TRIAL JURY DEMANDED)**

COMES NOW Plaintiff, Reuel Butler ("Plaintiff"), by and through counsel, and files this complaint against Comcast Cable Communications, LLC ("Defendant Comcast") and John Does 1-10 and in support would show the following:

**PARTIES**

1. Plaintiff is an adult resident of Hinds County, Mississippi whose address is 43A Northtown Road, Jackson, Mississippi 39211.

2. Defendant Comcast is a profit corporation incorporated in Delaware whose principal place of business is 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. All officers of Defendant Comcast are in Pennsylvania. Defendant Comcast may be served with process through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. John Does 1-10 are those individuals or entities, which are agents or work in partnership with Defendant Comcast. These Defendants are presently unknown and caused or substantially contributed to the damages of Plaintiff. Said unknown Defendants will be identified when their identities become known to Plaintiff.

## JURISDICTION

4. Plaintiff has complied with all administrative prerequisites of 42 U.S.C. Section 2000e-5, et seq., by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 21, 2020 (*See attached as Exhibit "A"*).

5. On February 26, 2020, the EEOC issued Plaintiff a Notice of Right to Sue (*See attached as Exhibit "B"*).

6. Plaintiff's claims arise due to Defendant Comcast's discrimination based on sexual orientation, retaliation, and hostile work environment. As these claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq., as amended by the Civil Rights Act of 1991, this court has jurisdiction pursuant to 28 U.S.C. Section 1331.

7. This court has supplemental jurisdiction to hear all related state law claims pursuant to 28 U.S.C. Section 1367.

8. This court has jurisdiction over the subject matter of this case and jurisdiction over all parties identified in this complaint.

## VENUE

9. Venue is proper pursuant to 28 U.S. Code Section 1391(b). A civil action may be brought in a judicial district in which all events giving rise to this action occurred in this district.

## AMOUNT IN CONTROVERSY

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiffs seek punitive damages against Defendants. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction."[1]

---

[1] *Walker v. Scales*, No. 1:13CV227, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014); *Montgomery v. First Family Fin. Serv. Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) *Brasell v. Unumprovident Corp.*, 2:01CV202-D-B, 2001 WL

## FACTS

12. In April 2014, Plaintiff was hired by Defendant Comcast.

13. Defendant Comcast provided Plaintiff with medical insurance through Independence Blue Cross ("Independence") and Blue Cross Blue Shield of Mississippi ("BCBSMS").

14. In December 2016, Plaintiff received medical treatment from Mississippi Baptist Medical Center ("MBMC").

15. Defendant Comcast, Independence, and BCBSMS failed to pay Plaintiff's medical bills from MBMC and on April 3, 2018, Healthcare Financial Services, LLC sued Plaintiff for the outstanding balance of $13,516.04, interests, and costs in this court. *See Complaint attached hereto as Exhibit "C".*

16. On or about October 30, 2019, Plaintiff filed an action against Independence and BCBSMS for non-payment of medical benefits. *See Complaint attached hereto as Exhibit "D".*

17. On November 11, 2019, a Stipulation of Dismissal was entered as to BCBSMS due to BCBSMS being an improper defendant.

18. On or about December 18, 2019, Independence advised Plaintiff's counsel that the denied claim had been paid resolving all issues in the suit.

19. Plaintiff's counsel advised Independence that Plaintiff sustained damages as a result of Independence and Defendant Comcast's actions. The damages were that Plaintiff's credit was damaged, Plaintiff had to hire legal counsel for payment of Plaintiff's medical claim, and Plaintiff was sued by MBMC and had to answer and defend in that matter.

---

1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F. Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcel v. Poole Co*., 5 F.3d 81, 84- 85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

20. Independence advised Plaintiff's counsel that Independence would submit a demand to Defendant Comcast for payment of the damages.

21. Notably, Defendant Comcast is a self-funded plan and Defendant Comcast's claims are submitted to Independence for payment, but Defendant Comcast provides the actual funds.

22. As a result of Plaintiff's suit against Independence and BCBSMS and Plaintiff's demand for payment of damages by Defendant Comcast due to non-payment of his medical claim, Defendant Comcast retaliated against Plaintiff.

23. On January 20, 2020, Defendant Comcast terminated Plaintiff's employment as a result of the foregoing.

24. Additionally, during his employment with Defendant Comcast, Plaintiff was denied promotions based on his sexual orientation and subjected to a hostile working environment by being referred to as a "fag".

25. Moreover, Plaintiff's sexuality was openly called out in the call center of Defendant Comcast as if Plaintiff's sexuality was a source of humor.

26. As a result of the foregoing, Plaintiffs suffered damages as outlined below.

## CAUSES OF ACTION

### COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Plaintiff reiterates and incorporates the foregoing paragraphs.

28. Defendant Comcast acted in violation of 42 U.S.C. Section 2000e, et seq.

29. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a)(1) states that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

30. Defendant Comcast was at all time relevant to this litigation an "employer" as defined in 42 U.S.C. Section 2000e.

31. Plaintiff is a member of a protected class based on his sexual orientation.

32. Plaintiff was an employee of Defendant Comcast and was qualified for the positions applied for. Plaintiff performed his job duties adequately and met Defendant Comcast's expectations according to a Defendant Comcast review process.

33. Plaintiff was rejected for the positions, not promoted and eventually was terminated.

34. As a result of the acts and/or omissions of Defendant Comcast, Plaintiff suffered adverse employment actions.

35. Plaintiff was treated differently than a like situated employee, outside of Plaintiff's protected class.

36. The unlawful employment practices complained of in the foregoing paragraphs were and are intentional.

37. The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice and reckless indifference to the federally protected rights of Plaintiff.

## COUNT II – HOSTILE WORK ENVIRONMENT

38. Plaintiff reiterates and incorporates the foregoing paragraphs.

39. Defendants acted in violation of 42 U.S.C. Section 2000e, et seq.

40. Defendant Comcast was at all time relevant to this litigation an "employer" as defined in 42 U.S.C. Section 2000e.

41. Plaintiff was subjected to a hostile work environment.

42. Plaintiff is a member of a protected class based on his sexual orientation.

43. Plaintiff was subjected to unwelcome harassment by being referred to as a "fag".

44. Moreover, Plaintiff's sexuality was openly called out in the call center of Defendant Comcast as if Plaintiff's sexuality was a source of humor.

45. The harassment of Plaintiff was based on Plaintiff's sexual orientation.

46. The harassment of Plaintiff created a hostile work environment for Plaintiff.

47. Defendant Comcast is vicariously liable for the hostile work environment to which Plaintiff was subjected.

## COUNT III – RETALIATION

48. Plaintiff reiterates and incorporates the foregoing paragraphs.

49. Defendant Comcast acted in violation of 42 U.S.C. Section 2000e, et seq.

50. 42 U.S.C. Section 2000e 3(a) states, "It shall be unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51. Defendant Comcast was at all time relevant to this litigation an "employer" as defined in 42 U.S.C. Section 2000e.

52. Plaintiff was engaged in activity protected under Title VII of the Civil Rights Act of 1964.

53. Plaintiff was terminated by Defendant Comcast on January 20, 2020.

54. Plaintiff's termination by Defendant Comcast was an adverse, retaliatory action against Plaintiff because of Plaintiff's suit against Independence and BCBSMS and Plaintiff's

demand for payment of damages by Defendant Comcast due to non-payment of his medical claim.

55. There is a casual connection between Plaintiff's engaging in protected activity and Defendant Comcast's adverse, retaliatory action against Plaintiff namely; Plaintiff's termination.

56. Defendant Comcast treated Plaintiff differently and less favorably in the terms, conditions, and privileges of employment than it did other employees not engaged in protected activities.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff reiterates and incorporates the foregoing paragraphs.

58. Defendants' acts of harassment and discrimination due to his sexual orientation inflicted emotional distress upon Plaintiff.

59. Defendants engaged in such intentional, reckless, and outrageous conduct, directed at Plaintiff, such that it has caused his financial hardship, shame, and humiliation.

60. Defendants, in engaging in such outrageous conduct, intended that Plaintiff be terminated and knew or should have known that such actions would cause emotional distress.

61. As a direct and proximate cause of Defendants' conduct, Plaintiff has sustained damages.

### COUNT V – BAD FAITH

62. Plaintiff reiterates and incorporates the foregoing paragraphs.

63. The actions of Defendant Comcast constitute bad faith, as there was an unwarranted denial of coverage and failure to pay claim within a reasonable time.

64. Due to the foregoing, Plaintiff suffered damages.

## COUNT VI - BREACH OF CONTRACT

65. Plaintiff reiterates and incorporates all the foregoing paragraphs.

66. The actions of Defendant Comcast are a breach of contract.

67. Although Plaintiff performed all his obligations in accordance with the contract as to Defendant Comcast, Defendant Comcast failed to abide by the terms and conditions.

68. Defendant Comcast failed to pay the outstanding balance to MBMC pursuant to the terms of the contract.

69. Accordingly, as a direct and proximate result of Defendant Comcast's breach of contract, Plaintiff has been damaged in excess of an amount to be shown at trial.

## COUNT VII - DETRIMENTAL RELIANCE

70. Plaintiff reiterates and incorporates all the foregoing paragraphs.

71. As a result of the actions of Defendant Comcast, Plaintiff relied to his detriment on the promises made by Defendant Comcast. This reliance has caused Plaintiff to suffer monetary loss, stress, and anxiety.

72. As a direct and proximate result of such conduct, Plaintiff has suffered actual damages and losses due to his detrimental reliance on Defendant Comcast's actions and is entitled to damages as further prayed for herein.

## COUNT VIII – BREACH OF FIDUCIARY DUTY

73. Defendant Comcast owed a duty to Plaintiff to ensure that his medical bills were paid to MBMC according to the insurance policy that Plaintiff has paid faithfully every pay period for several years.

74. Defendant Comcast breached such duty causing Plaintiff to be damaged financially and economically.

75. The damages that Plaintiff has suffered is the direct cause of Defendant Comcast's negligence.

## DAMAGES

76. Plaintiff reiterates and incorporates all the foregoing paragraphs.

77. Compensatory Damages

    a. Plaintiff has suffered and continues to suffer from the multiple causes of action listed above stemming from the actions and failures of Defendants, including financial loss, and future losses.

78. Punitive Damages

    b. Defendants' foregoing actions were taken with (1) reckless disregard for Plaintiff's federally protected rights and (2) with reckless disregard for Plaintiff's contract with Defendant Comcast.

    c. Defendants' foregoing actions were malicious and intentional.

    d. Defendants' discriminatory actions caused Plaintiff humiliation and embarrassment.

    e. For that, Plaintiff is entitled to punitive damages in addition to its compensatory damages such that Defendants would be deterred from such unconscionable conduct in the future.

## ATTORNEY FEES AND OTHER REASONABLE COSTS

79. Plaintiff should be reimbursed for all the costs and fees with the enforcement of this lawsuit, including all reasonable fees for his attorneys and other costs and expenses associated with this lawsuit.

## PRE AND POST JUDGMENT INTEREST

80. Pre and post judgement interest should be properly assessed against Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the court adjudge that Defendants caused Plaintiff injuries due to the foregoing actions, and should award Plaintiff with compensatory and punitive damages, together with reasonable attorney's fee, costs of court and legal interest, and for such other relief as this Court may deem just and proper.

                                      Respectfully submitted,
                                      Plaintiff

                              BY: /s/Tiffany Horton-Williams
                                    Tiffany Horton-Williams MS Bar #105269
                                    Horton-Williams Law Firm
                                    P.O. Box 59594 Jackson, MS 39284
                                    Tel: 769-251-5785
                                    Fax: 769-251-5152
                                    Email: attyhortonwilliams@gmail.com